IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DYJUAN D. BARNES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 21-1009-HLT-GEB |
| | ) |
| **GERGANA DASKALOVA** | ) |
| aka **MS. GI GI,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3) and his Motion for Appointment of Counsel (ECF No. 4). For the reasons outlined below, Plaintiff's Motion to Proceed without Prepayment of Fees (**ECF No. 3**) is **GRANTED** and his Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED**.

### I.   Motion to Proceed *In Forma Pauperis* (ECF No. 3)

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

fee, the Court commonly reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]

Both the Tenth Circuit Court of Appeals and this Court have a liberal policy toward permitting proceedings *in forma pauperis*.[4] Plaintiff is unemployed, and although his wife is apparently employed, their household income does not exceed their monthly expenses. After careful review of Plaintiff's affidavit of financial resources (ECF No. 3-1, *sealed*) and supplemental motion and affidavit (ECF No. 11), the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 3)** is **GRANTED.**  Although Plaintiff proceeds *in forma pauperis*, the clerk of the court is directed to stay service of process pending the District Court's review of the Report and Recommendation filed simultaneously herein (ECF No. 7).[5]

---

[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).
[4] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).
[5] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, ECF No. 7 (Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)) (citing *Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005)).

## II.     Motion for Appointment of Counsel (ECF No. 4)

Parties who are permitted to proceed *in forma pauperis* are subject to 28 U.S.C. § 1915(e)(1), which provides discretionary authority for the Court to "request an attorney to represent any person unable to afford counsel."[6] There is no constitutional right to counsel in a civil action.[7] In its broad discretion, the Court evaluates multiple factors when deciding whether to request an attorney for an indigent party.[8] In *Castner v. Colorado Springs Cablevision*,[9] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) the plaintiff's ability to afford counsel; (2) the plaintiff's diligence in searching for counsel; (3) the merits of the plaintiff's case; and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel. Additionally, the law requires a plaintiff to state a viable claim for relief and the court must have subject matter jurisdiction over that claim.

Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[10] but consideration of the Court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to accept appointment is also paramount.[11]

---

[6] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[7] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[8] *Jackson*, 2014 WL 494789, at *1.
[9] 979 F.2d 1417, 1420-21 (10th Cir. 1992).
[10] *Castner,* 979 F.2d at 1421.
[11] *Jackson,* 2014 WL 494789, at *3.

After careful consideration, the Court declines to appoint counsel to represent Plaintiff for the following reasons. Plaintiff satisfies the first prong of the *Castner* analysis—his inability to afford counsel—through his financial affidavit provided with his motion to proceed *in forma pauperis*, granted above. But it is questionable whether Plaintiff satisfies the second prong of the analysis—diligence in searching for counsel. His second motion includes the names and contact information for twelve different law firms Plaintiff appears to have emailed or called. However, Plaintiff failed to demonstrate he <u>conferred</u> with any of those attorneys as required by putting forth any further communication other than a simple outgoing email. Additionally, many of the attorneys contacted are high-profile personalities located in other states, which supports the well-reasoned conclusion that Plaintiff did not reasonably under the circumstances satisfy the requirement to confer with attorneys about his case.[12] This Court has an obligation to counsel who are willing to take appointments not to make indiscriminate appointments on every occasion that a plaintiff seeks court-ordered counsel.[13]

Additionally, the Court has serious concerns regarding its ability to adjudicate Plaintiff's claims, as explained in the Report and Recommendation (ECF No. 7) filed simultaneously with this order. In the Report, the Court recommends this case be dismissed due to Plaintiff's failure to state a claim upon which relief may be granted and this Court's lack of subject matter jurisdiction over his claims. Under the circumstances, the motion for appointment of counsel shall be denied.

---

[12] *See Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, WL 109694, at 2 (D. Kan. 1997). (holding that plaintiff must actually make an effort to ascertain whether an attorney will take a case, mere pretense of contact is not enough)
[13] *Id.* at 2.

- 5 -

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 27th day of April 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
